UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:16-cr-243-SDM-AEP

FELIX JACKSON DE
LA CRUZ VALVERDE,
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Felix Jackson De La Cruz Valverde, USM#: 67155-018, moves (Doc. 92) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offenses," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing

Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history point, if the offense of conviction satisfies the criteria in Section 4C1.1(a) and if a reduction is consistent with 18 U.S.C. § 3553(a).

On October 19, 2016, Valverde was sentenced under 46 U.S.C. §§ 70503 and 70506 to 135 months. Valverde's total offense level was 33. Valverde was assessed no criminal history point, and Valverde's criminal history was category I. Valverde's advisory sentencing range was 135–168 months, and Valverde received a sentence at the bottom of the advisory range. The Bureau of Prisons reports that Valverde's projected release is December 17, 2024.

In accord with the Middle District of Florida's administrative order (Doc. 115 in 3:21-mc-00001-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2), if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that Valverde is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821

reduces Valverde's offense level to 31 and reduces Valverde's advisory sentencing range to 120–135 months.* The Federal Defender appears, confirms Valverde's eligibility for a reduction, and moves unopposed to reduce Valverde's sentence to 120 months (a fifteen-month reduction in sentence).

Because USPO's memorandum, Valverde's motion, USSG's applicable policy statements, and the 18 U.S.C. § 3553(a) factors militate in favor of a reduction, Valverde's motion is **GRANTED**. Valverde's sentence is reduced to either 120 months or time served, whichever is greater. This order is effective **APRIL 9, 2024**.

ORDERED in Tampa, Florida, on March 26, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

* The minimum mandatory sentence is 120 months.